IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-CR-105-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW HILTON, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

On February 27, 2026, Matthew Hilton ("Hilton" or "defendant") moved to sever his codefendant, Curtis Davis ("Davis"), from his case [D.E. 96]. On March 6, 2026, the United States responded in opposition [D.E. 97]. As explained below, the court denies Hilton's motion to sever.

I.

On December 10, 2024, a grand jury in the Eastern District of North Carolina returned an indictment against Hilton and Davis. See [D.E. 1]. The indictment charged Hilton and Davis with conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, and 500 grams or more of a mixture and substance containing a detectable amount of cocaine (count one). See id. at 1–2. The indictment charged Hilton individually with five counts: distribution of five grams or more of methamphetamine (count two); distribution of 50 grams or more of methamphetamine (counts three and four); distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (count five); and possession with intent to distribute 50 grams or more of methamphetamine (count six). See id. at 2–3. The indictment charged Davis individually

with three counts:  possession with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and 400 grams or more of a mixture and substance containing a detectable amount of fentanyl and 500 grams of a mixture and substance containing a detectable amount of cocaine (count seven); possession of a firearm by a felon (count eight); and possession of a firearm in furtherance of a drug trafficking crime (count nine). See id at 3–4.

On January 31, 2025, Hilton was arrested.  See [D.E. 17].  On February 5, 2025, Hilton made his initial appearance and waived a detention hearing.  See [D.E. 30].  On March 6, 2025, Hilton filed a joint motion to extend the time to file pretrial motions and to continue his arraignment and stated that the "ends of justice served by [the] motion outweigh[ed] the interests of the public and the [d]efendant in a speedy trial" under 18 U.S.C. § 3161(h)(7)(A).  See [D.E. 36] 2. On March 21, 2025, the court granted Hilton's motion, found that the ends of justice served by granting the motion outweighed the best interest of the public and the defendant in a speedy trial, and excluded any period of delay occasioned by the continuance in computing defendant's speedy trial time.  See [D.E. 38].  On May 6, 2025, Hilton filed a joint motion to extend the time to file pretrial motions and to continue his arraignment and stated that the "ends of justice served by [the] motion outweigh[ed] the interests of the public and the [d]efendant in a speedy trial" under 18 U.S.C. § 3161(h)(7)(A).  See [D.E. 40] 2.  On May 11, 2025, the court granted Hilton's motion, found that the ends of justice served by granting the motion outweighed the best interest of the public and the defendant in a speedy trial, and excluded any period of delay occasioned by the continuance in computing defendant's speedy trial time.  See [D.E. 41].  On June 5, 2025, Hilton filed a joint motion to extend the time to file pretrial motions and to continue his arraignment and stated that the "ends of justice served by [the] motion outweigh[ed] the interests of the public and

2

the [d]efendant in a speedy trial" under 18 U.S.C. § 3161(h)(7)(A). See [D.E. 44] 3. On June 12, 2025, the court granted Hilton's motion, found that the ends of justice served by granting the motion outweighed the best interest of the public and the defendant in a speedy trial, and excluded any period of delay occasioned by the continuance in computing defendant's speedy trial time. See [D.E. 45]. On July 22, 2025, the court scheduled Hilton's arraignment for August 12, 2025. See [D.E. 46]. On August 4, 2025, Hilton filed a joint motion to extend the time to file pretrial motions and to continue his arraignment and stated that the "ends of justice served by [the] motion outweigh[ed] the interests of the public and the [d]efendant in a speedy trial" under 18 U.S.C. § 3161(h)(7)(A). See [D.E. 48] 3. On August 5, 2025, the court granted Hilton's motion, found that the ends of justice served by granting the motion outweighed the best interest of the public and the defendant in a speedy trial, and excluded any period of delay occasioned by the continuance in computing defendant's speedy trial time. See [D.E. 49]. On August 11, 2025, the case was reassigned to the undersigned. See [D.E. 51].

On October 3, 2025, Hilton moved to suppress evidence. See [D.E. 64]. While the motion was pending, Hilton filed two joint motions to continue his arraignment. See [D.E. 71, 85]. In both motions, Hilton stated that the "ends of justice served by [the] motion outweigh[ed] the interests of the public and the [d]efendant in a speedy trial" under 18 U.S.C. § 3161(h)(7)(A). [D.E. 71] 2; [D.E. 85] 2. On November 14, 2025, and January 16, 2026, the court granted Hilton's motions, found that the ends of justice served by granting the motion outweighed the best interest of the public and the defendant in a speedy trial, and excluded any period of delay occasioned by the continuance in computing the defendant's speedy trial time. See [D.E. 72, 87].

On November 25, 2025, the motion to suppress was fully briefed. See [D.E. 64, 73, 74]. On January 28, 2026, the court held an evidentiary hearing on Hilton's motion to suppress. See [D.E. 90]. On February 12, 2026, the court denied Hilton's motion to suppress. See [D.E. 94].

On February 26, 2026, Hilton was arraigned and entered a plea of not guilty to all the charges against him in the indictment. See [D.E. 95]. At his arraignment, for the first time, Hilton asserted his rights under the Speedy Trial Act and the Speedy Trial Clause. On February 27, 2026, Hilton moved to sever his codefendant from his case. See [D.E. 97]. On March 24, 2026, Davis's arraignment occurred, and he pleaded not guilty. See [D.E. 100]. On March 25, 2026, the court set the case for trial to begin on May 11, 2026.

II.

Two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "Barring special circumstances, individuals indicted together should be tried together." United States v. Brugman, 655 F.2d 540, 542 (4th Cir. 1981); see, e.g., United States v. Oloyede, 933 F.3d 302, 311–12 (4th Cir. 2019); United States v. Cannady, 924 F.3d 94, 102–03 (4th Cir. 2019). Joint trials promote efficiency and "play a vital role in the criminal justice system." Richardson v. Marsh, 481 U.S. 200, 209 (1987); United States v. Lawson, 677 F.3d 629, 639 (4th Cir. 2012). In a conspiracy case like this one, a joint trial is "highly favored." Lawson, 677 F.3d at 639; see United States v. Devine, 40 F.4th 139, 149 (4th Cir. 2022); United States v. Ford, 88 F.3d 1350, 1361 (4th Cir. 1996); United States v. Chorman, 910 F.2d 102, 114 (4th Cir. 1990).

The court has discretion to sever defendants' trials if the joinder of defendants "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). "Demonstrating prejudice is a

4

high hurdle." United States v. Young, 989 F.3d 253, 266 (4th Cir. 2021). A defendant demonstrates prejudice "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993); see, e.g., Young, 989 F.3d at 266; United States v. Lighty, 616 F.3d 321, 348 (4th Cir. 2010); cf. Bruton v. United States, 391 U.S. 123, 131–35 (1968). Speculative assertions of prejudice do not suffice. See United States v. Najjar, 300 F.3d 466, 473 (4th Cir. 2002); United States v. Becker, 585 F.2d 703, 707 (4th Cir. 1978). The "presence of conflicting or antagonistic defenses alone" does not constitute prejudice. Zafiro, 506 U.S. at 538. Rather, "[t]here must be such a stark contrast presented by the defenses that the jury is presented with the proposition that to believe the core of one defense it must disbelieve the core of the other, or that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." Najjar, 300 F.3d at 474 (quotations and citations omitted); see United States v. Romanello, 726 F.2d 173, 177 (5th Cir. 1984); Becker, 585 F.2d at 707. In short, "the rule requires more than finger pointing." Najjar, 300 F.3d at 474.

Hilton argues that joinder of his case with Davis's case prejudices Hilton's statutory right to a speedy trial. See [D.E. 96] 3–5. Under the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq., "in any case in which a plea of not guilty is entered, the trial shall commence within seventy days from the later of (1) the filing date of the information or indictment or (2) the defendant's initial appearance before a judicial officer (i.e., the arraignment)." United States v. Tinklenberg, 563 U.S. 647, 650 (2011) (cleaned up); see 18 U.S.C. § 3161(c)(1). Any period of time from a continuance "granted by any judge . . . at the request of the defendant or his counsel" is excluded "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial,"

5

considering, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... the reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(A)–(B). Any period of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded. Id. § 3161(h)(1)(D). Additionally, "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted" is excluded. Id. § 3161(h)(6).

No time has passed on Hilton's Speedy Trial Act clock. On February 26, 2026, the court arraigned Hilton, and he pleaded not guilty. On February 27, 2026, Hilton filed the motion to sever. See [D.E. 96]; 18 U.S.C. § 3161(h)(1)(D). Thus, Hilton's Speedy Trial Act clock will begin running the day after this order is entered, and the court has scheduled the trial for May 11, 2026. See 18 U.S.C. § 3161(h)(1)(D).

The court rejects as speculative Hilton's argument that joinder with Davis for trial will prejudice Hilton's Speedy Trial Act right. Although Hilton may wish his case would proceed to trial sooner, Hilton sought and obtained six continuances of his arraignment and filed a motion to suppress that the court promptly decided. Cf. 18 U.S.C. § 3161(h)(1)(D). Hilton then filed a motion to sever, which this court decided promptly. Although Davis has filed various letters with the court, see [D.E. 50, 56, 60, 61, 63, 67, 68, 69, 77, 82, 93, 99], Davis is represented by counsel and those letters are not motions. Furthermore, Davis cannot represent himself while also represented by counsel. See United States v. Cross, 962 F.3d 892, 899 (7th Cir. 2020); United States v. D'Amario, 328 F. App'x 763, 764 (3d Cir. 2009) (per curiam) (unpublished); United States v. D'Amario, 268 F. App'x 179, 180 (3d Cir. 2008) (per curiam) (unpublished). Davis has

6

now pleaded not guilty and appears to desire a prompt trial. Nothing suggests that Davis will not be ready for trial on May 11, 2026. Thus, the court rejects Hilton's argument.

Next, Hilton argues that joinder with Davis prejudices Hilton's constitutional right to a speedy trial. The Sixth Amendment to the United States Constitution guarantees, in relevant part, that a criminal defendant "shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. Courts balance four factors on an ad hoc basis when considering whether a delay violates the Sixth Amendment: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant." United States v. Robinson, 55 F.4th 390, 399 (4th Cir. 2022) (cleaned up); see Vermont v. Brillon, 556 U.S. 81, 90–94 (2009); Doggett v. United States, 505 U.S. 647, 651 (1992); Barker v. Wingo, 407 U.S. 514, 530 (1972); United States v. Lamborn, 159 F.4th 230, 247 (4th Cir. 2025), petition for cert. filed, No. 25-6814 (U.S. Feb. 13, 2026). A defendant must "establish that on balance, the four separate factors weigh in his favor." United States v. Pair, 84 F.4th 577, 589 (4th Cir. 2023) (cleaned up); see Lamborn, 159 F.4th at 247; United States v. Hall, 551 F.3d 257, 271 (4th Cir. 2009). "[C]ourts have consistently recognized that it will be the unusual case where the time limits under the Speedy Trial Act have been satisfied but the right to a speedy trial under the Sixth Amendment has been violated." Pair, 84 F.4th at 589 (cleaned up).

Under the Speedy Trial Act Clause, delay is "presumptively prejudicial as it approaches one year." Lamborn, 159 F.4th at 248 (quotations and citation omitted); see Doggett, 505 U.S. at 652 n.1. But a presumptively prejudicial delay is outweighed when the other factors do not favor the defendant. See, e.g., Lamborn, 159 F.4th at 248–49; Pair, 84 F.4th at 589–91; Hall, 551 F.3d at 271–72. The second factor requires considering whether the reasons for the delay are "valid, improper, or neutral," and the focus is "specifically . . . on the intent of the prosecution." Hall,

7

551 F.3d at 272; see Lamborn, 159 F.4th at 248; Pair, 84 F.4th at 589. Lengthy "pre-trial proceedings largely resulting from defense motions" justify delay. Hall, 551 F.3d at 272. The third factor examines when and whether the defendant asserted his speedy trial rights. See Barker, 407 U.S. at 531–32; Lamborn, 159 F.4th at 248–49; Pair, 84 F.4th at 590; Hall, 551 F.3d at 272. The fourth factor considers three additional subfactors: "(1) whether there was an oppressive pretrial incarceration; (2) the anxiety and concern suffered by the accused; and (3) the possibility that the defense was impaired." Hall, 551 F.3d at 272; see Barker, 407 U.S. at 532; Lamborn, 159 F.4th at 249; Pair, 84 F.4th at 590. The third subfactor is the "most salient." Pair, 84 F.4th at 590; see Barker, 407 U.S. at 532; Lamborn, 159 F.4th at 249.

The first factor slightly favors Hilton, but the other factors do not. See, e.g., Lamborn, 159 F.4th at 248; Pair, 84 F.4th at 589. As for the second and third factors, Hilton sought six continuances of his arraignment, filed a suppression motion, filed a motion to sever, and did not assert his speedy trial right until over twelve months after the grand jury returned the indictment. See Barker, 407 U.S. at 534–35; Lamborn, 159 F.4th at 248–49 (explaining that a defendant's failure to object to "several delays" belied his speedy trial claim); Pair, 84 F.4th at 589–90; Hall, 551 F.3d at 272. Although Hilton theorizes that the United States may attempt "an end-run around" Hilton's speedy trial rights, this concern is wholly speculative. [D.E. 96] 6. In fact, the United States has stated that it is ready for trial on May 11, 2026, and the court has set the case for trial to begin on that date. Moreover, Hilton's litigation strategy shows that, until his arraignment, he "did not want a speedy trial." Barker, 407 U.S. at 534.

As for prejudice, Hilton argues that witnesses might forget relevant events concerning the crimes charged in the indictment and that Davis "may wish to present a defense that points the

8

finger at [Hilton]." [D.E. 96] 5–6.[1] Both arguments are too speculative and do not show prejudice. See, e.g., Najjar, 300 F.3d at 473. The former argument is "a generalized prejudice common to all cases and all delays." Lamborn, 159 F.4th at 249 (citation omitted); see Robinson, 55 F.4th at 400. The latter argument, even if true, does not merit severance. See Zafiro, 506 U.S. at 538; Najjar, 300 F.3d at 474. Hilton also argues that he has "languish[ed]" in a county jail since his arrest and faced "the attendant anxiety and concern" while awaiting trial. See [D.E. 96] 5. But Hilton was the person who waived his detention hearing, sought and received six continuances, and filed two pretrial motions. Moreover, and in any event, Hilton's consent to pretrial detention and anxiety do not outweigh the lack of prejudice. See, e.g., Barker, 407 U.S. at 534 (finding absence of prejudice despite pretrial incarceration "under a cloud of suspicion and anxiety"); Pair, 84 F.4th at 590–91 (acknowledging such concerns but determining that the absence of prejudice undermined the defendant's argument). Thus, the court rejects Hilton's arguments and denies the motion to sever.

III.

In sum, the court DENIES defendant's motion to sever [D.E. 96]. The trial SHALL begin on May 11, 2026.

SO ORDERED. This 25 day of March, 2026.

JAMES C. DEVER III
United States District Judge

---

[1] To the extent Hilton suggests that these arguments satisfy the Rule 14 standard, the court rejects the suggestion. See, e.g., Zafiro, 506 U.S. at 538–41.

9